IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2013

## DANIEL EDUARDO GONZALEZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 2011-A-709, 2011-B-1110     Steve R. Dozier, Judge**

**No. M2013-00298-CCA-R3-PC - Filed February 24, 2014**

The petitioner, Daniel Eduardo Gonzalez, appeals the dismissal of his petition for post-conviction relief as time-barred. He argues that his trial counsel provided ineffective assistance for failing to advise him of the deportation consequences of his guilty plea as required by Padilla v. Kentucky, 559 U.S. 356 (2010), and that due process considerations should operate to toll the statute of limitations. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Melissa Anderson, Nashville, Tennessee, for the appellant, Daniel Eduardo Gonzalez.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On March 7, 2011, the petitioner and a co-defendant were indicted for aggravated burglary in case number 2011-A-709. On April 19, 2011, the petitioner and same co-defendant were indicted for aggravated burglary and theft of property in case number 2011-B-1110. Pursuant to a plea agreement, on July 1, 2011, the petitioner pled guilty to two counts of aggravated burglary in exchange for concurrent terms of three years on each count and dismissal of the theft of property charge. The petitioner was sentenced and judgments

entered on September 6, 2011.

On December 4, 2012, the petitioner filed a petition for post-conviction relief. In an affidavit attached to his petition, the petitioner stated that he is a foreign national of Mexico, currently detained by the United States Immigration and Customs Enforcement ("ICE"). He claimed that his trial attorney did not advise him that his "guilty plea could cause [him] to be deported from the United States" or "mention[] any immigration consequences that may result from [his] plea[.]" He stated that he did not discover that his attorney was ineffective until he met with his immigration attorney after being detained on September 13, 2012. He said that he had lived in the United States since he was four years old and that his removal would separate him from his friends, family, and community.

On January 4, 2013, the post-conviction court found that the petitioner did not allege a valid basis for tolling the one-year statute of limitations and that the petition was time-barred. The court noted that the petitioner's allegation of "lack of knowledge about the then existing immigration laws[] [was] not 'later arising' because they existed at the time of the entry of the plea."

## ANALYSIS

The petitioner argues that the post-conviction court should have tolled the statute of limitations because counsel failed to advise him that he could be deported as a result of his guilty plea. He asserts that he "did not discover [c]ounsel's ineffectiveness until after the statutory period ha[d] expired."

Post-conviction relief is warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his or her grounds for relief by clear and convincing evidence. Id. § 40-30-110(f); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, however, are subject to *de novo* review with no presumption of correctness. Id. at 457.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have

jurisdiction to consider an untimely petition. See id. § 40-30-102(b).

Tennessee Code Annotated section 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Id. § 40-30-102(b)(1)-(3).

In addition, principles of due process may allow for the tolling of the statute of limitations in limited circumstances. See Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001); Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001); Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000); Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). To determine whether due process tolling applies, courts should examine: (1) when the limitations period would normally have begun to run; (2) whether the grounds for relief arose after the limitations period normally would have commenced; and (3) if the grounds are later-arising, would a strict application of the limitations period deny the petitioner a reasonable opportunity to present the claim. Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).

In Padilla, the United States Supreme Court held that an attorney's performance was deficient under the Strickland v. Washington, 466 U.S. 668 (1984), test because the attorney failed to warn the attorney's non-citizen client that his guilty plea would result in deportation.

559 U.S. at 369. The Padilla Court also held that in cases where the law regarding deportation is not "succinct and straightforward," counsel must advise "a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Id. Noting that it had "never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under Strickland," the Padilla Court declined to follow the reasoning of the Kentucky Supreme Court, which had rejected Padilla's ineffectiveness claim on the grounds that the advice he sought from his counsel concerned only "collateral matters." Id. at 365-66 (citations and footnotes omitted). Before the Padilla decision, Tennessee was one of the jurisdictions that held counsel's failure to advise a defendant of the immigration consequences of a guilty plea does not constitute ineffective assistance because deportation is a collateral, rather than a direct, consequence of a defendant's guilty plea. See Bautista v. State, 160 S.W.3d 917, 921-22 (Tenn. Crim. App. 2004).

The record shows that none of the statutory exceptions for tolling the statute of limitations is applicable in the petitioner's case. Analyzing the Sands factors for due process tolling, the record shows that the petitioner entered his guilty pleas on July 1, 2011. The petitioner's claim for ineffective assistance of counsel existed at the time and nothing prevented him from filing his petition for post-conviction relief within the limitations period, yet he did not do so until December 4, 2012. Panels of this court have "specifically rejected arguments that the statute of limitations should be tolled on due process grounds for a Padilla claim because it is not 'later arising' when it exists at the time of a defendant's guilty plea." Antonio Angel Onate v. State, No. M2013-00531-CCA-R3-PC, 2013 WL 4677697, at *3 (Tenn. Crim. App. Aug. 28, 2013) (citing Clayton Bezuidenhout v. State, No. M2012-01114-CCA-R3-PC, 2013 WL 1965992, at *2 (Tenn. Crim. App. May 13, 2013); Ivano Stamegna v. State, No. E2011-00107-CCA-R3-PC, 2011 WL 5971275, at *6-7 (Tenn. Crim. App. Nov. 29, 2011)). These panels have also noted that "lack of knowledge or late discovery of a claim does not make it 'later arising.'" Antonio Angel Onate, 2013 WL 4677697, at 3 (citing Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996)). Although the petitioner may not have known that his guilty plea might affect his immigration status, he has not alleged that the relevant immigration law did not exist at the time of his plea. See Ricardo Rodriguez v. State, No. M2011-02068-CCA-R3-PC, 2012 WL 4470675, at *7-8 (Tenn. Crim. App. Sept. 27, 2012) (concluding that even though the petitioner was unaware of the deportation consequences of his guilty plea, the claim existed at the time he entered his guilty plea and was not later-arising), perm. app. denied (Tenn. Mar. 5, 2013). We conclude that the petitioner has failed to show a later-arising ground for relief permitting the trial court's tolling the statute of limitations on due process grounds.

-4-

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition.

_____
ALAN E. GLENN, JUDGE